IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| DAVID LITTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 6:15cv11 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff David Little ("Little") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") finding him not disabled and therefore ineligible for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433, 1381–1383f. Little alleges that the Administrative Law Judge ("ALJ") erred by (1) improperly assessing Little's impairments at step two of the sequential evaluation; (2) failing to follow the five-step sequential evaluation process; (3) improperly rejecting the opinions of medical experts; (4) failing to properly determine whether Little's impairments met a Listing; (5) failing to make a finding at step four of the sequential evaluation; (6) failing to properly analyze Little's pain; and (7) failing to make a function-by-function assessment.  I conclude that the ALJ improperly assessed Little's impairments at step two of the sequential evaluation and failed to properly follow the five-step evaluation process and that substantial evidence does not support the Commissioner's decision. Accordingly, I **RECOMMEND GRANTING in part** Little's Motion for Summary Judgment (Dkt. No.12) and **DENYING** the Commissioner's Motion for Summary Judgment (Dkt. No. 14),

and reversing and remanding this case pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Report and Recommendation.

## STANDARD OF REVIEW

This court limits its review to a determination of whether substantial evidence exists to support the Commissioner's conclusion that Little failed to demonstrate that he was disabled under the Act.[1] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## CLAIM HISTORY

Little protectively filed for DIB and SSI on June 20, 2011, claiming that his disability began on November 1, 2010, due to bipolar disorder, sleep apnea, and back and leg problems. R. 187, 194, 219–227. Little's date last insured was December 31, 2015. R. 15, 73.[2] The state agency denied Little's applications at the initial and reconsideration levels of administrative review. R. 73–92, 95–118. On May 1, 2013, ALJ Mark A. O'Hara held a hearing to consider

---

[1] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

[2] Thus, he must show that his disability began on or before December 31, 2015 and existed for twelve continuous months to receive DIB. 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B), (d)(1)(A); 20 C.F.R. §§ 404.101(a), 404.131(a).

Little's claims for DIB and SSI. R. 32–69. Counsel represented Little at the hearing, which included testimony from vocational expert Andrew V. Beale.

On December 23, 2013, the ALJ entered his decision analyzing and denying Little's claim for benefits. R. 14–26. The five-step process used to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). If it is determined that the plaintiff is disabled or not disabled at a step, a decision is made and the evaluation will not go on to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. At the fifth step, the burden shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

The ALJ found that Little was insured at the time of the alleged disability onset, and that he suffered from the impairments of obesity, mood and personality disorders, mild obstructive sleep apnea, back and knee pain, hypertension, recent diabetes mellitus, cardiomyopathy, and chronic kidney disease, but that none of his impairments were severe. R. 17, 22. However, despite determining that Little did not have a severe medically determinable impairment at step two, the ALJ continued to step three.[3] See 20 C.F.R. § 404.1520(a)(4) (explaining that if the

---

[3]The ALJ's opinion reads as follows:

claimant has no severe impairments at the second step, the claimant is not disabled and "if we can find that you are . . . not disabled at a step, we make our determination or decision and we do not go on to the next step."); see also Bowen v. Yuckert, 482 U.S. 137, 141-42 (1987) ("If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.").

At step three, the ALJ found that Little did not have "impairments that meet or equal the requirements of any section of Appendix 1" and that Little's chronic kidney disease did not meet Listing 6.02 or 6.06. R. 23. The ALJ never determined a residual functional capacity ("RFC") for Little as step four would require. Nevertheless, the ALJ concluded that Little retained the RFC to perform a limited range of light work. R. 24. In fact, the ALJ found that the impairments affecting Little would erode the unskilled light occupational base. The ALJ then assigned without explanation or analysis an RFC for Little. The ALJ wrote:

> [T]he undersigned asked the vocational expert whether jobs exist in the national economy for an individual with [Little's] age, education, work experience, and the RFC for lifting and carrying 20 pounds occasionally and 10 pounds frequently, standing/walking 4 hours and sitting for 6 hours in an 8 hour workday, occasional climbing of stairs/ramps, balancing, stooping, and crouching, but no climbing of ladders/ ropes/scaffolds, kneeling or crawling and must avoid concentrated exposure to workplace hazards (such as moving machine parts and unprotected heights) as suggested by the DDS physicians and the consultative examiner.

R. 24–25. At step five, the ALJ determined that Little could perform jobs that exist in significant numbers in the national economy, such as ticket taker, cashier, and lobby monitor."[4] R. 25. The

---

At step two, the undersigned must determine whether the claimant has a medically determinable impairment or combination of impairments that is severe. . . . If the claimant does not have a severe medically determinable impairment or combination of impairments, he is not disabled. If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step.

R. 15.

[4] The ALJ did not explicitly determine at step four whether Little could return to his past relevant work as a construction laborer, equipment operator, a labor supervisor, and a material handler. R. 24. He merely stated in a

4

ALJ also determined that Little could perform a full range of sedentary unskilled work.[5] R. 25. Thus, the ALJ concluded, even if the claimant was considered to have severe impairments, a finding of 'not disabled' was appropriate. R. 25. Little appealed the ALJ's decision and the Appeals Council denied his request for review on April 17, 2015. R. 1–3.

## ANALYSIS

### A. Medical History

When Little protectively filed for DIB and SSI in June 2011 he was referred to Daniel Herman, M.D., Ph.D., for an examination related to his complaints of low back pain and knee pain. R. 356–62. Little saw Dr. Herman on August 25, 2011. On examination, Little was five feet and six inches tall and weighed 374 pounds, could ambulate without an assistive device and sit and stand independently. R. 358. Little had right lateral patellar pain and lateral facet pain with "some crepitus at the patellofemoral joint and pain with flexion." R. 358. Little also had mildly limited range of motion in his right knee and limited range of motion in his hips "secondary to his impressive central girth." R. 359. X-rays of Little's spine on August 22, 2011 showed partial sacralization of L5, multiple small osteophytes, and mild disc narrowing at L3–L5, as well as degenerative changes and spondylosis. R. 364. Dr. Herman diagnosed low back pain "likely secondary to facet joint arthropathy" and right knee pain "likely secondary to patellar chondromalacia versus patellofemoral pain syndrome." R. 359. Dr. Herman recommended pain control measures and physical therapy. R. 359–60. Dr. Herman indicated in his functional assessment that, in an eight-hour workday, Little could stand for six hours,

---

footnote that the vocational expert had "testified that those jobs were performed at the medium to very heavy exertional level." Id.

[5] The ALJ noted that based on an RFC for the full range of sedentary work, and considering Little's age, education, and work experience, a finding of not disabled is directed by Medical-Vocational Rules 201.18-201.20. R. 25.

5

provided he received frequent positional breaks, could walk two hours, and could sit for six hours. R. 360. He could lift ten pounds frequently and twenty pounds occasionally, and could occasionally bend, stoop, crouch, and squat. R. 360.

On August 29, 2011, state agency physician Bert Spetzler, M.D., reviewed Little's medical file. R. 78–80. Dr. Spetzler found that Little could lift and/or carry twenty pounds occasionally and ten pounds frequently and, in an eight-hour workday could stand and/or walk for four hours, and sit for six hours, with normal breaks. On December 28, 2011, state agency physician Robert Keeley, M.D., reviewed Little's medical file and came to the same conclusions as Dr. Spetzler.[6] R. 102.

On September 7, 2012, Little presented to the emergency room complaining of right flank pain, nausea, and vomiting and was admitted for five days for treatment of a kidney stone, chronic kidney disease, and accelerated hypertension. R. 443–445.[7] In October 2012, Little underwent a sleep study and was diagnosed with mild obstructive sleep apnea. R. 479. On April 10, 2013, Little again presented to the emergency room complaining of chest pain and knee pain,

---

[6] Little asserts that Drs. Keeley and Spetzler determined that Little had the capacity for only sedentary work and that the ALJ's hypothetical questions to the vocational expert failed to reflect the limitations in the physicians' opinions. Pl.'s Mem. Summ. J. at 3, Dkt. No. 13. The Commissioner counters that Drs. Spetzler, Keeley and Herman all concluded that Little could perform a limited range of light work, asserting that Little's argument "rests on a misunderstanding of [the doctors'] opinions. Comm'r Mem. Summ. J. p. 17, Dkt. No. 15. The Commissioner cites to Lee v. Sullivan, 945 F.2d 687, 693 (4th Cir. 1991), for the proposition that the "basic distinction between the classifications of light and sedentary work is the weight-lifting ability of the claimant." Id. at 18. However, SSR 83-10 provides that "the primary difference between sedentary and most light jobs" is that light jobs require "a good deal of walking or standing." Titles II & Xvi: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2, SSR 83-10 (S.S.A. 1983); see also Titles II & Xvi: Capability to Do Other Work-The Medical-Vocational Rules As A Framework for Evaluating A Combination of Exertional & Nonexertional Impairments, SSR 83-14 (S.S.A. 1983) ("The major difference between sedentary and light work is that most light jobs – particularly those at the unskilled level of complexity – require a person to be standing or walking most of the workday. Another important difference is the frequent lifting or carrying of objects weighing up to 10 pounds. . . ."). Because the court is remanding on other grounds, the court need not decide this issue.

[7] While hospitalized Little underwent a mental health consultation and was diagnosed with a mood and personality disorder and assessed a Global Assessment of Functioning of 65. R. 462–63.

6

and was admitted for two days. R. 499–556. On discharge, his diagnoses were chest pain, hypertension, diabetes, obesity, and cardiomyopathy. R. 499.

### B. The ALJ's Determination at Step Two

At step two of the sequential evaluation process, the Commissioner must determine whether Little's impairment or combination of impairments is severe. Little argues that the ALJ incorrectly determined that he did not have a severe medically determinable impairment. In support, Little states that the ALJ improperly rejected the medical opinions of consulting examiner Dr. Herman, as well as the non-examining state agency physicians Drs. Spetzler and Keeley. Little complains that the ALJ "substituted his own judgment for a physician's opinion" and failed to state what weight he assigned to Dr. Herman's opinion. Pl.'s Mem. Summ. J. at 8, Dkt. No. 13. The Commissioner contends that, even if the ALJ erred in finding no severe impairments, it was not reversible error because the ALJ ultimately decided the case at step five.

The ALJ stated:

> While the undersigned agrees with the DDS doctors that the claimant does not have a listing-level physical impairment or a severe medically determinable mental impairment, the undersigned disagrees with the consultative examiner and the DDS physicians that the claimant has a severe physical impairment of 12 months duration in light of the minimal findings found on diagnostic testing and on physical examinations and [Little's] routine and conservative treatment.

R. 24. An impairment is non-severe when it causes no significant limitations in the claimant's ability to work. 20 C.F.R. §§ 404.1521(a), 416.921(a). "[A]n impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (citing Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984); McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986) ("Step two is a threshold inquiry. It allows only claims based on the most trivial

7

impairments to be rejected."). Additionally, an impairment must last, or be expected to last for a continuous period of at least 12 months to be considered "severe." 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). Little bears the burden of proving that his obesity, mood and personality disorders, mild obstructive sleep apnea, back and knee pain, hypertension, recent diabetes mellitus, cardiomyopathy, and chronic kidney disease are severe. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

The ALJ's step two determination that Little had no severe impairments is not supported by substantial evidence. The medical evidence shows that Little was restricted in his ability to perform work-related physical activities. The opinions of Drs. Herman, Spetzler, and Keeley are the only opinions contained in the record regarding Little's physical work-related abilities, and these physicians all agree that Little had physical work-related limitations. While the ALJ was not bound by the doctors' findings, he must explain the weight he gave them and the reasons for that weight. See 20 C.F.R. § 404.1527(c), (e)(2); see also Frazier v. Astrue, No. 7:07cv437, 2008 U.S. Dist. LEXIS 51248, 2008 WL 2669452, at *3 (W.D. Va. July 3, 2008) ("In curtly rejecting these limitations, the ALJ seemingly disregarded the regulations' mandate that [he] explain the weight given to the opinion of a state agency medical consultant."). However, the ALJ did not adequately explain why he rejected Drs. Herman, Spetzler, and Keeley's opinions that Little had severe impairments. See Monroe v. Colvin, __ F.3d__, No. 15cv1098, 2016 WL 3349355, at *10 (4th Cir. June 16, 2016) (noting that the ALJ's opinion "lacks the specific analysis that would allow for meaningful review" of the ALJ's decision to not rely on certain medical records and emphasizing that the ALJ must "build an accurate and logical bridge from the evidence to his conclusion.") (citations omitted).[8]

---

[8] Dr. Spetzler found that Little had the following severe impairments: spine disorders, dysfunction – major joints, and obesity. R. 87. On reconsideration, Dr. Keeley found that Little had the severe impairments of

8

The ALJ's assertion that Little's impairments were not severe because of "the minimal findings found on diagnostic testing and on physical examinations and [Little's] routine and conservative treatment" is not sufficient explanation because an "ALJ may not substitute his own layman's opinion for the findings and opinion of a physician." Gonzalez Perez v. Sec'y of Health & Human Servs., 812 F.2d 747, 749 (1st Cir.1987); see also Hughes v. Barnhart, 206 F. Supp. 2d 771, 781 (W.D. Va. 2002) (ALJ erred in denying claim at step two where claimant had a "physical impairment restricting her to the performance of no more than medium work" and three doctors found her "physical work-related abilities were limited"). Further, to the extent the ALJ assigned Little a light RFC, this reflects major limitations in Little's ability to work and cannot be reconciled with the ALJ's finding of no severe impairments.[9] See Parker v. Comm'r of the Soc. Sec., No. 12-00557, 2014 WL 1239776, at *6 (M.D. La. Mar. 25, 2014) ("Where a claimant's impairments limit their ability to perform work at a certain level of exertion, courts have recognized that the *de minimis* burden required at step 2 is met."); Hughes, 206 F.Supp.2d at 781 (finding that claimant's "physical condition cannot be classified as nonsevere under the regulations" when "[t]he uncontradicted medical evidence reveals that [the claimant] was restricted . . . to the performance of medium work.").

Finally, the court is unconvinced by the Commissioner's argument that, "Even if this Court agrees with [Little] that he had a severe impairment(s), this was not a reversible error given that the ALJ proceeded through the five-step sequential evaluation process and ultimately

---

discogenic and degenerative disorders of the back, other and unspecified Arthropathies, obesity and hypertension. R. 100.

[9] The ALJ used the limitations found by the state agency physicians and Dr. Herman to question the vocational expert regarding "the extent to which the unskilled light occupational base [was eroded]." R. 24. Based on the vocational expert's testimony, the ALJ found that Little could perform light work or, in the alternative, sedentary work. R. 25.

9

decided [Little's] case at step five." Def.'s. Mem. Summ. J. at 11–12, Dkt. No. 15.[10] The Social Security Regulations explain that if the impairment is not severe at step two, the plaintiff is not disabled and the evaluation should end. See 20 C.F.R. § 404.1520(a)(4); see also Ilieska v. Comm'r of Soc. Sec., No. 07-2252, 2008 WL 2565016, at *6 (D.N.J. June 25, 2008). Accordingly, when the ALJ determined that Little's impairments of obesity, mood and personality disorders, mild obstructive sleep apnea, back and knee pain, hypertension, recent diabetes mellitus, cardiomyopathy, and chronic kidney disease were not severe, the ALJ should have ended his evaluation. Instead, the ALJ went on to step three, apparently attempting to decide the case in the alternative. The ALJ wrote as follows:

> Based on the testimony of the vocational expert, the undersigned also concludes that considering [Little's] age, education, work experience, and the RFC suggested by the DDS physicians and the consultative examiner, [Little] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of 'not disabled is therefore also directed by the [] sedentary rules, as well as under the framework of the [] light rules, *even if [Little] were considered to have severe impairments.*

R. 25 (emphasis added). Under the Social Security Regulations, this was improper because the steps of the sequential evaluation must be followed by all ALJs. See McDaniel, 800 F.2d at 1032 ("Clearly, the steps of the sequential analysis cannot be compressed into a general inquiry by individual administrative law judges employing a variety of methods."). In short, by not properly following the steps set out in the Regulations, the ALJ has made it impossible for the court to conduct meaningful review of his decision.[11] See Fox v. Colvin, 632 F. App'x 750, 755 (4th Cir. 2015) ("Our circuit precedent makes clear that it is not our role to speculate as to how the ALJ

---

[10] Little criticizes "the utter unreliability of an ALJ decision that proceeds to step five while supposedly failing at step two." Pl.'s Supp. Mem. Summ. J. at 1, Dkt. No. 16.

[11] The court also notes that while the ALJ continued past step two in his decision, he did not properly address each subsequent step in the five-step process. For example, the ALJ did not clearly state Little's RFC, nor did he explicitly state whether Little could return to his past relevant work as an equipment operator, a labor supervisor, or material handler.

applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record."); see also Schoofield v. Barnhart, 220 F.Supp.2d 512, 518 (D. Md. 2002) ("Erroneous findings at step two usually infect the entire decision, since all of a claimant's impairments must be considered in combination at steps three, four, and five.").[12]

Because I find that remand is warranted based on the ALJ's improper assessment of Little's impairments at step two and failure to follow the five–step sequential evaluation process, Little's additional allegations of error will not be addressed.[13] See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). However, upon remand, the Commissioner should take into consideration Little's remaining allegations of error.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Little's Motion for Summary Judgment be **GRANTED IN PART** and the Commissioner's Motion for Summary Judgment be **DENIED** and this case be **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Opinion.

---

[12] There is precedent for finding no prejudice when an ALJ wrongly finds an impairment to be non–severe at step two, if the ALJ sufficiently considers the effects of that impairment at subsequent steps. See Hammond v. Astrue, No. 11-2922, 2013 WL 822749, at *2 (D. Md. March 5, 2013); Carrico v. Colvin, No. 6:14-cv-32, 2016 U.S. Dist. LEXIS 33597, *7-8, 2016 WL 1065832, at *3 (W.D. Va. Mar. 16, 2016) (finding "any error by the ALJ at step two is harmless if the ALJ considers the effects of all of [plaintiff's] impairments in the subsequent steps."). However, Little's case should be distinguished because cases finding an error at step two harmless generally deal with situations where the ALJ found at least one severe impairment, and thus properly continued to the remaining steps in the sequential evaluation process. See Tuggerson-Brown v. Comm'r of Soc. Sec., 572 F. App'x 949, 951 (11th Cir. 2014) (noting that "step two requires only a finding of 'at least one' severe impairment to continue on to the later steps" and finding that "there is no need for an ALJ to identify every severe impairment at step two.") (internal citations omitted).

[13] This court must resist the temptation to prevent the delay of a remand by evaluating the administrative record itself, and correctly applying the sequential steps, because the courts may not engage in direct fact finding in Social Security disability cases. McDaniel, 800 F.2d at 1032.

11

The Clerk is directed to transmit the record in this case to Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

Entered: August 2, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge